**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 22 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANDREW ANDERSEN, | No. 14-15202 |
| Plaintiff - Appellant, | D.C. No. 4:11-cv-03752-YGR |
| v. | |
| JEFFERY BEARD, Secretary of the California Dept. of Corrections and Rehabilitation in his official capacity, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted December 9, 2014[**]

Before:    WALLACE, LEAVY, and BYBEE, Circuit Judges.

Andrew Andersen, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process and equal protection violations. We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a dismissal under 28 U.S.C. § 1915A, and we may affirm on any ground supported by the recorded. *Hamilton v. Brown*, 630 F.3d 889, 892-893 (9th Cir. 2011). We affirm.

To the extent that Andersen's due process claims relate to his future parole eligibility, the district court properly dismissed them because Andersen lacked standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (identifying three core requirements for standing under Article III of the United States Constitution).

To the extent that Andersen brought a substantive due process claim, dismissal was proper because Andersen failed to allege facts sufficient to state such a claim. *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998) (for a substantive due process violation, the conduct at issue must be arbitrary, or shock the conscience and violate the decencies of civilized conduct).

Dismissal of Andersen's equal protection claim was proper because Andersen does not allege that he is a member of a suspect class, and the alleged classifications are rationally related to legitimate state interests. *See United States v. Juvenile Male*, 670 F.3d 999, 1009 (9th Cir. 2012) (explaining that government actions that do not involve suspect classifications are subject to rational basis review).

14-15202

The district court did not abuse its discretion by dismissing Andersen's second amended complaint without leave to amend after providing Andersen with an opportunity to amend and concluding that further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile).

We reject Andersen's contention regarding the timing of the district court's initial screening under 28 U.S.C. § 1915A.

We do not consider Andersen's contentions regarding the first amended complaint, which was superseded by the operative second amended complaint.

Andersen's "request change of Plaintiff's/Appellant's name in caption," filed on May 28, 2014, is denied.

**AFFIRMED.**